UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-80550-Marra-Johnson**

CARLOS RODRIGUEZ, on his own behalf and
others similarly situated,

    Plaintiff,

v.

VISTA PROPERTIES MANAGEMENT, INC., a Florida Corporation,
and WELLINGTON MANAGEMENT, LLC, a Limited Liability Company,
THE CONTINENTAL GROUP, INC., a Florida Corporation,
and TOMAS ROSES, individually,

    Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

April 9, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

1. Plaintiff, CARLOS RODRIGUEZ (hereinafter referred to as "Plaintiff"), was an employee of Defendants, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, both Florida Corporations, THE CONTINENTAL GROUP, INC., a Florida Limited Liability Company, and TOMAS ROSES, individually (hereinafter referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed non-exempt maintenance work for Defendants in Palm Beach County, Florida.

2. Defendants, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, THE CONTINENTAL GROUP, INC. and TOMAS ROSES, have at all times material hereto, owned and/or operated a business in multiple locations, including Palm Beach County, Florida, within the jurisdiction of this Court. It is the intent of this collective action to apply

to all similarly situated employees regardless of location.

3. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b).

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

5. Defendants, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC., are all entities incorporated in Florida that, at all times material hereto, have been part of a business owned and/or operated for a common purpose, with common management and/or ownership through individuals including TOMAS ROSES.

6. At all times material to this Complaint, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. have acted in the direct interest of each other towards a collective interest and exercised common control over operations.

7. The relationship by and between VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. is that of employers and/or joint-employers of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Based upon information and belief, the annual gross sales volume of VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. individually and/or collectively, was in excess of $500,000.00 per annum at all times material hereto.

2

9. At all times material to this Complaint, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

10. At all times material to this Complaint, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. individually and/or collectively, was an enterprise engaged in commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

11. At all times material hereto, TOMAS ROSES has owned, managed and/or operated VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, and THE CONTINENTAL GROUP, INC. By virtue of such control and authority, TOMAS ROSES is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

12. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after April 2006 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

13. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

14. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

15. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

16. The records concerning the hours worked by, and compensation actually paid to, Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

20. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

21. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

22. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

23. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CARLOS RODRIGUEZ, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendants, VISTA PROPERTIES MANAGEMENT, INC., WELLINGTON MANAGEMENT, LLC, THE CONTINENTAL GROUP, INC. and TOMAS ROSES, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: April __7__, 2009  
Boca Raton, Florida

Respectfully submitted,

Keith M. Stern  
Florida Bar No .321000  
E-mail: kstern@shavitzlaw.com  
Michael L. Scheve  
Florida Bar No. 0033640  
Email: mscheve@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

5

§JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
CARLOS RODRIGUEZ, on his own behalf and others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SHAVITZ LAW GROUP, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, (561) 447-8888

## DEFENDANTS
VISTA PROPERTIES MANAGEMENT, INC., a Florida Corporation, and WELLINGTON MANAGEMENT, LLC, a

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09 CV 80550-KAM-Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 790 Other Labor Litigation |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: [signature]

DATE: April 7, 2009

**FOR OFFICE USE ONLY**
AMOUNT 350     RECEIPT # 515968     IFP _____